IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| U.S. BANK TRUST NATIONAL ASSOCIATION, <br>     PLAINTIFF, <br> <br> V. <br> <br> DONALD CHAE AND YOON J. CHAE, <br>     DEFENDANTS. | § <br> § <br> § <br> § <br> §    CASE NO. 3:22-CV-2740-S-BK <br> § <br> § <br> § |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case has been referred to the undersigned United States magistrate judge for pretrial management. Before the Court is Plaintiff's *Motion for Default Judgment Against Defendant Donald Chae*. Doc. 11. For the reasons stated here, the motion should be **GRANTED**.

**I. BACKGROUND**[1]

In June 2003, Don B. Chae ("Decedent") executed a note for a mortgage loan (the "Note"), which carried an interest rate of 6.375% per annum, on the real property commonly known as 3216 Rotan Lane, Dallas, Texas 75229 (the "Property"). Doc. 1 at 4; Doc. 1-1 at 2. Decedent and Defendant Yoon J. Chae ("Defendant Yoon"), his wife, contemporaneously executed a security instrument on the Property (the "Security Instrument"), allowing the original beneficiary as well as its successors and assigns to accelerate the loan's maturity date and

---

[1] The facts in this section are drawn from the well-pleaded allegations in Plaintiff's complaint, which the Court must accept as true. *See Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

foreclose on the Property upon default. Doc. 1-1 at 12, 14, 17. Through several assignments, Plaintiff became the Note's owner and holder and the Security Instrument's mortgagee. Doc. 1 at 4-5; Doc. 1-1 at 31-34. The August 1, 2005 loan payment and all payments subsequently due remain unpaid. Doc. 1 at 5.

In June 2021, Decedent passed away.[2] Doc. 1 at 5. No probate matter was opened, but his survivors include his son, Defendant Donald Chae ("Defendant Donald"). Doc. 1 at 2, 5-6.

Approximately a year later, Plaintiff sent a Notice of Default and Intent to Accelerate (the "Notice of Default") by certified mail to Decedent at both the Property's address and 2828 Forest Lane, Suite 1107, Dallas, Texas 75234 (the "Forest Lane address"). The Notice of Default (1) stated that the loan was in default, (2) provided 35 days to cure the deficiency, and (3) advised that failure to cure the default would result in the acceleration of all payments owed under the loan. Doc. 1-1 at 37-47. The default under the Note was not timely cured. Doc. 1 at 6.

About two months after sending the Notice of Default, Plaintiff sent a Notice of Acceleration of Loan Maturity (the "Notice of Acceleration") to Decedent and Defendant Yoon at both the Property's address and the Forest Lane address. Doc. 1-1 at 49-52. Plaintiff also sent the Notice of Acceleration to "The Unknown Heirs of Don B. Chae, Deceased" at the Property's address. Doc. 1-1 at 53. As of the date on the Notice of Default, the total amount due under the loan was $499,280.84. Doc. 1-1 at 37.

---

[2] Although Plaintiff has not provided Decedent's death certificate, the complaint alleges that Decedent passed away on June 25, 2021. Doc. 1 at 1. The Court may accept this well-pled allegation as true. *See, e.g.*, *U.S. Bank Nat'l Ass'n v. Chase*, No. 5:19-CV-229-M-BQ, 2020 WL 5048154, at *6 (N.D. Tex. Aug. 4, 2020) (Bryant, J.), *adopted by* 2020 WL 5038612 (N.D. Tex. Aug. 26, 2020) (Lynn, C.J.).

Invoking diversity jurisdiction, Plaintiff then sued Defendant Donald and Defendant Yoon for, among other relief, a declaration that it is entitled to non-judicially foreclose on the Property.[3] Doc. 1, *passim*. Despite being served with a summons and copy of the complaint, Defendant Donald has not answered or otherwise appeared in this case. Doc. 15. Upon Plaintiff's request, the Clerk entered a default against Defendant Donald. Doc. 10; Doc. 12. Plaintiff now moves for a default judgment against him. Doc. 11. No response in opposition has been filed, and the time for the same has passed.

## II. APPLICABLE LAW

"Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (footnotes omitted). Accordingly, "[a] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Rather, courts have discretion to determine the appropriateness of an entry of default judgment. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). A party seeking a default judgment must satisfy three steps: (1) default by the defendant; (2) entry of default by the Clerk's office; and (3) entry of a default judgment. FED. R. CIV. P. 55; *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).

First, the court considers whether a default judgment is procedurally warranted by examining the *Lindsey* factors: (1) whether material issues of fact are at issue; (2) whether there

---

[3] Plaintiff's complaint asserts eight "causes of action," but Plaintiff moved for default judgment only as to its claim for non-judicial foreclosure, as clarified at the hearing on the motion *sub judice*. Doc. 11, *passim*. The Court considers all other claims against Defendant Donald abandoned and limits its discussion accordingly.

has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether default was caused by good faith mistake or excusable neglect; (5) the harshness of the default judgment; and (6) whether the court would feel obligated to set aside a default on the defendant's motion.  *Id.*

Second, the court evaluates whether the pleadings provide a sufficient basis for the judgment.  *Nishimatsu Constr. Co.*, 515 F.2d at 1206.  At this step, the court assumes only that the defaulting defendant admits all well-pleaded facts in the plaintiff's complaint, and documents attached to the complaint constitute "a part of the pleadings for all purposes."  *Id.* (citing FED. R. CIV. P. 10(c)).  The sufficiency of a complaint is assessed under Rule 8 of the Federal Rules of Civil Procedure.  *Wooten v. McDonald Transit Assoc., Inc.*, 788 F.3d 490, 496-98 & n.3 (5th Cir. 2015) (further holding that, once entered, "[a] default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations.").

Finally, the Court determines what relief, if any, the plaintiff is entitled to.  *United States v. 1998 Freightliner Vin #:1FUYCZYB3WP886986*, 548 F.Supp.2d 381, 384 (W.D. Tex. 2008).  The relief requested in the complaint limits the relief available by default judgment.  *See* FED. R. CIV. P. 54(c) ("[A] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.").

### III. ANALYSIS

#### A. Default judgment is procedurally warranted.

The *Lindsey* factors favor granting default judgment.[4] Given Defendant Donald's failure to answer the complaint's well-pleaded allegations, no material issues of fact exist. *See Nishimatsu Constr. Co.*, 515 F.2d at 1206 ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact."). Further, Defendant Donald's failure to answer Plaintiff's complaint or otherwise appear threatens to bring this case to a halt, which would substantially prejudice Plaintiff's interests. *Gandy v. Lynx Credit*, No. 3:14-CV-0369-B, 2014 WL 6805501, at *2 (N.D. Tex. Dec. 3, 2014) (Boyle, J.) (citing *Lindsey*, 161 F.3d at 893). Also, the grounds for default are clearly established because Defendant Donald was properly served in January 2023 and has neither filed an answer nor explained his reticence to do so. *Cf. Elite v. The KNR Grp.*, 216 F.3d 1080 (Table), 2000 WL 729378, at *1 (5th Cir. May 19, 2000) (per curiam) (holding default judgment to be inappropriate where defendant sent a letter to the court explaining why he failed to appear at various court-related proceedings). Additionally, there is no evidence that Defendant Donald's silence is the result of a good faith mistake or excusable neglect. *See Lindsey*, 161 F.3d at 893. Moreover, while a default judgment is harsh in nature, no alternative means will allow Plaintiff to exercise its rights. *See Wells Fargo Bank v. Gardner*, No. 6:19-cv-00483, 2020 WL 13561580, at *2 (E.D. Tex. Jan. 24, 2020) (finding that although entry of a default judgment may be "particularly harsh" against the defendant-heir who was

---

[4] As an initial matter, Plaintiff has established that Defendant Donald is not actively engaged in military service, Doc. 11-1 at 5-7, and there is no indication that he is a minor or an incompetent person. *See* FED. R. CIV. P. 55(b) (permitting entry of default judgment against minors or incompetent persons "only if represented by a general guardian, conservator, or other like fiduciary"); Servicemembers Civil Relief Act, 50 U.S.C. § 3901 *et seq.*

served at the property, no other means permitted the mortgagee to fully exercise its foreclosure rights). Lastly, the Court is unaware of any facts that would constitute "good cause" to set aside the default if challenged by Defendant Donald. *Lindsey*, 161 F.3d at 893. Default judgment thus is procedurally warranted as to him.

### B. Plaintiff's complaint provides a sufficient basis for default judgment.

At the outset, the Court concludes that Plaintiff has a statutory probate lien against the Property. *See* Tex. Est. Code §§ 101.001(b), 101.051(b)(1). Under the relevant sections of the Texas Estates Code, a decedent's estate and its debts immediately pass to the decedent's heirs at law. *Id.* One who holds an unpaid claim against a decedent's estate may seek to enforce a statutory lien against the property in the hands of, among other individuals, the decedent's heirs. *See Wells Fargo Bank, Nat'l Ass'n for Securitized Asset Backed Receivables LLC Tr. 2006-OP1, Mortg. Pass-Through Certificates, 2006-OP1 v. Taylor*, No. 4:16-CV-00442-O-BP, 2017 WL 6816591, at *3 (N.D. Tex. Dec. 5, 2017) (Ray, J.) (citation omitted), *adopted sub nom.*, No. 4:16-CV-00442-O-BP, 2018 WL 309057 (N.D. Tex. Jan. 5, 2018) (O'Connor, J.).

Here, Plaintiff adequately alleges that Decedent died intestate, no probate administration was opened for him, and therefore, Defendant Donald, as Decedent's son, is an heir who acquired Decedent's interest in the Property subject to the debt owed to Plaintiff. *See* Doc. 1 at 2, 5-6. Plaintiff thus seeks to enforce its lien through non-judicial foreclosure under Section 51.002 of the Texas Property Code. Doc. 1 at 8.

Section 51.002 provides for the sale of real property pursuant to a security instrument with a power of sale upon the lender's demonstration of four elements: (1) a debt exists; (2) the debt is secured by a lien created under Article 16, Section 50(a)(6) of the Texas Constitution; (3) the borrower is in default under the note and security instrument; and (4) the borrower received

notice of default and acceleration. *Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013) (citing Tex. Prop. Code § 51.002), *aff'd*, 583 F.App'x 306 (5th Cir. 2014); *see also PNC Bank, Nat'l Ass'n v. Ruiz*, No. 22-50584, 2023 WL 3340078, at *2 (5th Cir. May 10, 2023) (listing the same elements).  Here, Plaintiff has adequately alleged these elements.  Plaintiff has shown further that a debt exists by providing a copy of the Note, which Decedent executed.  *See* Doc. 1-1 at 2-9.  That debt is secured by a lien on the Property under Article 16, Section 50(a)(6) of the Texas Constitution, as Plaintiff also provided a copy of the Security Instrument reflecting the same.  *See* Doc. 1-1 at 11-29.  All payments under the Note, including and after the one due on August 1, 2005, are owed.  Doc. 1 at 5.  And again, as one of Decedent's heirs, Defendant Donald acquired Decedent's interest—as well as his debt—under Texas estate law.  *See* Doc. 1 at 2, 5-6; *see also* Tex. Est. Code §§ 101.001(b), 101.051(b)(1).  Consequently, Defendant Donald is in default.  Finally, Plaintiff properly provided the Notice of Default and Notice of Acceleration.[5]  *See* Doc. 1-1 at 37-47, 49-53.  In sum, Plaintiff's complaint provides a sufficient basis for default judgment against Defendant Donald.

### C. Plaintiff is entitled to relief.

Finally, the Court must determine the relief, if any, to which Plaintiff is entitled.  As clarified at the September 7, 2023 hearing, Plaintiff has elected to pursue non-judicial

---

[5] Plaintiff sent both notices to the Property's address.  Doc. 1-1 at 37-47, 49-53.  Service of a notice under Section 51.002 "by certified mail is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address."  "Service of notice is complete when the notice is *sent* via certified mail."  *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013) (emphasis added).  As such, Plaintiff need not prove that Defendant Donald actually received the notices.  Moreover, both the Note and the Security Instrument designated the Property's address as the "notice address," and under the latter, notice to one debtor, including Decedent, constituted notice to all debtors.  *See* Doc. 1-1 at 6, 19-20.

foreclosure. Hearing Transcript at 2-3. As discussed *supra*, Plaintiff has established that Defendant Donald is in default under the Note. Plaintiff is thus entitled to enforce its lien against the Property through a non-judicial foreclosure of the Property via trustee's sale at public auction, as provided by the Security and Section 51.002. *See Cross v. Bank of N.Y. Mellon*, No. 21- 20384, 2022 WL 1056093, at *2 (5th Cir. Apr. 8, 2022) (finding that because the plaintiff could legally enforce the note and the security instrument, "it [was] entitled as a matter of law to a judgment allowing it to non-judicially foreclose its lien on the [p]roperty" in accordance with its security instrument and Texas Property Code § 51.002).

## IV. CONCLUSION

For the above reasons, Plaintiff's *Motion for Default Judgment Against Defendant Donald Chae*, Doc. 11, should be **GRANTED** and Plaintiff permitted to proceed with non-judicial foreclosure as to Defendant Donald Chae's interest in the property. Plaintiff's claims against Defendant Yoon remain pending.

**SO RECOMMENDED** on November 3, 2023.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

8

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).