# United States District Court
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| U.S. BANK TRUST NATIONAL ASSOCIATION | § § § | |
| v. | § § | CIVIL ACTION NO. 3:22-CV-2740-S-BK |
| DONALD CHAE and YOON J. CHAE | § § § | |

## AGREED FINAL JUDGMENT

Came on to be considered the above-numbered and styled cause wherein U.S. Bank Trust National Association, not in its Individual Capacity but solely as Owner Trustee for RCF 2 Acquisition Trust c/o U.S. Bank National Trust Association ("U.S. Bank" or "Plaintiff") and Attorney Ad Litem W. David Griggs representing the interest of Defendant Yoon J. Chae ("Defendant") and collectively with Plaintiff (the "Parties"), have announced to the Court that they desire to resolve all matters in controversy between them. In light of the agreement of the Parties as expressed in this Agreed Final Judgment and as shown by their signatures below, the Court finds that:

**IT IS ORDERED, ADJUDGED AND DECREED** that, that an event of default has occurred on that certain Texas Home Equity Adjustable Rate Note (LIBOR Index – Rate Caps) (First Lien) executed on or about June 5, 2003, by Defendant Donald Chae originally payable to JLM Direct Funding, Ltd. ("JLM") in the principal amount of $165,900.00 bearing an annual interest rate of 6.3750%. (hereinafter "Note"). It is further,

**ORDERED, ADJUDGED AND DECREED** that certain Texas Home Equity Security Instrument (First Lien) dated June 5, 2003 executed by Defendants Donald Chae and Yoon J. Chae and recorded as Document No. No. 2410416 in the real property records of Dallas County, Texas (hereafter "Security Instrument"), provides that Plaintiff as the current owner of the Note and

1

mortgagee of the Security Instrument, in the event of a default on the obligations on the Note, with a first lien security interest on that certain real property commonly known as 3216 Rotan Lane, Dallas, Texas 75229, and more particularly described as follows:

> BEING LOT 3, BLOCK 5/6432 OF ROYAL CHAPEL ESTATES, AN ADDITION TO THE CITY OF DALLAS, DALLAS COUNTY, TEXAS, ACCORDING TO THE PLAT THEREOF RECORDED IN VOLUME 714, PAGE 1688, MAP RECORDS OF DALLAS COUNTY, TEXAS. (The "Property").

It is further,

**ORDERED, ADJUDGED AND DECREED** that Plaintiff is the current legal owner and holder of the Note and beneficiary of the Security Instrument. Plaintiff is also a mortgagee as that as that term is defined in section 51.0001(4) of the Texas Property Code. It is further,

**ORDERED ADJUDGED AND DECREED**, that an event of default has occurred on the Note and that Plaintiff has an enforceable and superior lien against any interest by the Defendant in the Property. It is further,

**ORDERED, ADJUDGED AND DECREED** that the following are secured by the Security Instrument on the Property: the outstanding balance of the Note, including attorney's fees; pre-judgment interest at the Note interest rate of 6.3750%; post-judgment interest at the Note interest rate of 6.3750%; and costs of court. It is further,

**ORDERED, ADJUDGED AND DECREED** that due to the event of default on the Note, Plaintiff, or its successors or assigns, may enforce the Security Instrument against the Property through a non-judicial foreclosure of the Property as provided in the Security Instrument and the Texas Property Code § 51.002. It is further,

**ORDERED, ADJUDGED AND DECREED** that should Plaintiff, or its successors and assigns, proceed with foreclosure on the Property then, the purchaser at the foreclosure sale will be vested with all of Defendant's interest, rights, and title in the Property. It is further,

**ORDERED, ADJUDGED AND DECREED** that Plaintiff is awarded reasonable and necessary attorney's fees and costs, which may be added to the balance of the Note and enforceable only against the Property and not Defendant. It is further,

**ORDERED, ADJUDGED AND DECREED** that this is a judgment providing declaratory relief only and is not a personal judgment for money damages or any other financial relief against Defendant. It is further,

**ORDERED, ADJUDGED AND DECREED** that the court appointed Attorney Ad Litem W. David Griggs is awarded the sum of $2,000.00 as reasonable and necessary attorney's fees in connection with his work on this matter. It is further,

**ORDERED, ADJUDGED AND DECREED** that the court appointed Attorney Ad Litem W. David Griggs is hereby discharged from his duties as attorney ad litem for Defendant. It is further,

**ORDERED, ADJUDGED AND DECREED** that in conjunction with the Order Accepting Findings, Conclusions, and Recommendation of the United States Magistrate Judge granting Plaintiff's Motion for Default Judgment as to Defendant Donald Chae entered by the Court on December 8, 2023 at ECF No. 19, this is a final judgment that fully and finally resolves all remaining parties and claims to this suit and may be appealed. All for which let execution issue.

**SO ORDERED.**

SIGNED July 15, 2024.

_____
**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**

**Agreed as to form and substance:**

By: */s/Nicholas M. Frame*_____
**NICHOLAS M. FRAME**
State Bar No. 24093448
nframe@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 North Dallas Parkway, Suite 900
Dallas, Texas 75254
Telephone: 214-635-2650
Facsimile: 214-635-2686
**ATTORNEYS FOR PLAINTIFF**

*And*

*/s/ W. David Griggs signed with permission*
W. David Griggs
State Bar No. 08491100
1925 Belt Line Rd., Suite 552
Carrollton, Texas 75006
Telephone: (972) 416 2500
Fax: (972) 417-0685
david@dgriggs.com
*Attorney ad Litem for Defendant Yoon J. Chae*